Richard A. Huver, Esq. (Bar No. 132945)
THE HUVER LAW FIRM
655 West Broadway, Suite 1400
San Diego, California 92101
619.961.4883
619.961.4886 Fax
rhuver@huverlaw.com

Harris I. Steinberg, Esq. (Bar No. 89288)
5015 Estates Way
El Cajon, California 92020
(619) 787-2650
harrissteinberg@gmail.com

Attorneys for Plaintiffs Plum Healthcare Group, LLC,
    GI Plum Holdco, LLC; and Quince Holdings
    LLC dba Pueblo Springs Rehabilitation Center

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUM HEALTHCARE GROUP, LLC, etc., et al.,<br><br>             Plaintiffs,<br><br>v.<br><br>ONE BEACON PROFESSIONAL INSURANCE, etc., et al.,<br><br>             Defendants. | CASE NO. 15CV2747W MDD<br><br>DECLARATION OF RICHARD HUVER IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT<br><br>Date:  April 24, 2017<br><br>Judge Thomas J. Whelan<br><br>**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE]** |

I, RICHARD HUVER, declare and state as follows:

1.     I am an attorney duly licensed to practice law before all the courts in the State of California and all Federal District Courts in California.  I am one of the attorneys of record for the plaintiffs in the above-entitled matter.  The following facts are of my own personal knowledge and, if called as a witness, I could and would competently testify to the following:

1       2.    This declaration is submitted in opposition to Defendants' motion for summary judgment or partial summary judgment.

      3.    The first notice of the Harris lawsuit by Plum was on November 14, 2014. (See Defendants' Exhibit 2.) Claims adjuster Daniele Freaner was first assigned to handle Plum's claim on November 17, 2014. (Freaner Dec., ¶7.)

      4.    Defendants' claims file indicates that by November 19, 2014, 2 days later, Freaner and her supervisor Maureen Ringland, had "decided" to deny Plum's claim based solely on the "Insured v. Insured" Exclusion (D)(7). (Freaner Dec., ¶8, 9, 11.)

      5    Defendants' denial letter dated December 9, 2014, asserted only one exclusion - Exclusion (D)(7), the "Insured v. Insured" exclusion, as the basis for denying Plum's claim for a defense and indemnity against the Harris lawsuit. (Freaner Dec., ¶15 and Exhibit 5.

      6.    Plaintiffs filed suit on December 8, 2015. (Docket No. 1.)

      7.    In August 2016, as soon as was permitted by the Court, plaintiffs served written discovery on defendants, seeking every fact, witness and writing upon which defendants based their denial of plaintiffs' claim for legal defense and indemnity against the <u>Harris</u> lawsuit, and requesting the identity of every paragraph or provision of defendants' policy which served as the basis for denying plaintiff's claim.

      8.    Defendants provided their responses on October 13, 2016, in which they relied on only two Exclusions - (B)(9), the "Owned Auto" exclusion, and (D)(7), the "Insured v. Insured" exclusion.

      9.    Based on defendants' responses to this discovery, as well as their initial disclosures which included the denial letters and claims file, plaintiffs noticed the deposition of Homeland's claims manager, Maureen Ringland, for October 15, 2016, traveling to Colorado to do so. Defendants designated Ms. Ringland as their 30(b)(6) person most qualified to testify to all issues regarding

1  the handling and denial of plaintiffs' claim as well.  Plaintiffs later deposed
2  Homeland's claims handler Daniele Freanor on January 24, 2017, again based on
3  and relying on all of the evidence disclosed by defendants.

4      10.   Defendants' motion for summary judgment, filed on the motion and
5  discovery cut-off date, asserted two new policy exclusions for the first time -
6  (D)(2) and (D)(5).  Neither of these exclusions were disclosed by defendants at
7  any point prior to the discovery cut-off.  Eight days **after** the discovery cut-off
8  expired, on March 18, 2017, defendants' new attorneys purported to amend
9  defendants' earlier interrogatory responses to assert these new exclusions, while
10 also adding **8 pages** of additional affirmative and factual defenses.

11     11.   Plaintiffs are severely prejudiced and unfairly surprised by these
12 late, post discovery cut-off changes of position, assertion of new affirmative
13 defenses and embellishing on legal and factual defenses.  Plaintiffs have
14 prepared their entire case, conducted written discovery, taken and defended
15 depositions, and retained an expert who has prepared his Rule 26 Report, at great
16 time and expense, all based on the positions taken by defendants up to the close
17 of discovery.  To permit defendants to change their positions at this late date,
18 assert new defenses in their motion for summary judgment, is extremely unfair,
19 highly prejudicial to plaintiffs' preparation of this case for trial, and should not
20 be sanctioned.

21     12.   On December 29, 2016, plaintiffs served their first set of requests
22 for admission and second set of special interrogatories on defendant Homeland
23 Insurance Company.  (See attached Exhibit 10.)  Responses were due no later
24 than January 31, 2017.  No responses were ever received and no request for an
25 extension was ever received or granted.

26     13.   On February 17, 2017, plaintiffs notified defendants in writing of
27 their failure to timely serve responses to the requests for production.  (See
28 attached Exhibit 11.)

1  14. On February 22, 2017, counsel met and conferred following a failed settlement conference to discuss certain discovery issues. During this meeting, defense counsel Matt Elstein and Lorrie Walker were present. Mr. Elstein stated that defendants had timely served responses to the request for admissions, claimed that something must have happened in his firms' mail room, and assured plaintiffs that he would promptly provide the purportedly timely-served responses. As of the date of this declaration, no motion for relief from failing to timely respond to the requests for admission has been filed.

15. On March 10, 2017, 7 days after defendants' new attorneys filed notices of association, attorney Randy Crispen sent an e-mail, attached hereto as Exhibit 13, wherein he acknowledged that "there was no determination as to whether Ms. Harris was acting within the course and scope of employment in the underlying Harris lawsuit."

16. Attached hereto as Exhibit 1 is a true and correct copy of portions of the deposition of Daniele Freaner, Claims Adjuster for defendant Homeland/One Beacon, taken on January 24, 2017.

17. Attached hereto as Exhibit 2 is a true and correct copy of portions of the deposition of Maureen Ringland, Vice President of Homeland, claims manager, and direct supervisor of Daniele Freaner, taken on October 15, 2016.

18. Attached hereto as Exhibit 3 is a true and correct copy of portions of the deposition of John Romero, the Facility Rehabilitation Director for Quince Holdings, LLC dba Pueblo Springs Rehabilitation at the time of Harris's accident, taken on March 31, 2015. The deposition was produced by Wilson Getty LLP, the attorneys who defended Plum and others in the underlying Harris v. Plum Healthcare, et al., in response to a third party subpoena for production of documents served by defendants in this case.

19. Attached hereto as Exhibit 4 is a true and correct copy of portions of the deposition of Janice Margaret Nargi, known as Janice Harris at the time of

the accident and lawsuit, taken on March 29, 2016. The deposition was produced by Wilson Getty LLP in response to a third party subpoena for production of documents served by defendants in this case.

20. Attached hereto as Exhibit 5 is a true and correct copy of the agenda for the June Lake budget retreat, Bates Nos. WG 575-577, which was produced by Wilson Getty LLP in response to a third party subpoena for production of documents served by defendants in this case.

21. Attached hereto as Exhibit 9 is a true and correct copy of defendants' responses to plaintiffs' interrogatories, set No. 1, setting forth all bases and policy exclusions relied on by defendant to support its denial of plaintiffs' claim, which responses were served October 13, 2016.

22. Attached hereto as Exhibit 12 is a true and correct copy of the retainer agreement between plaintiffs and my firm, previously produced and Bates Nos. Plum 250-252.

23. Attached hereto as Exhibit 14 is a true and correct copy of plaintiffs' experts' Rule 26 report, dated January 3, 2017.

24. On April 5, 2017, 5 days before these opposition papers were due, Homeland's new attorneys provided copies of what they claim were timely responses to plaintiffs' requests for admission. The cover letter asserted the responses were "produced with the case file from Selman Breitman," Homeland's original attorneys. (See Exhibit 15.) To be sure, no responses were ever received by my office or my co-counsel, who has a different mailing address in a different city. Any claim to the contrary will have to be addressed by Homeland if and when they move for relief from their failure to timely respond to the requests for admission.

25. Moreover, Homeland's new attorneys' contention that the requests were timely responded to because he "found" a copy in the Selman Breitman file does not add up. Plaintiffs notified Homeland's former attorneys on February

1  17, 2017 that the RFAs had not been answered.  (Exhibit 13.)  Homeland's
2  former attorneys told plaintiffs' counsel a copy of the responses would be
3  provided after the meet and confer discussion on February 22, 2017.  Selman
4  Breitman remained attorneys of record until March 23, 2017, when notice of
5  withdrawal was filed with the Court.  (Docket No. 45.)  At no time since the
6  notice on February 17th were copies of the purportedly timely RFA responses
7  ever served.  April 5, 2017, was the first time.

9      I declare under penalty of perjury under the laws of the State of California
10 and the United States of America that the foregoing is true and correct.  Executed
11 this 10th day of April, 2017, at San Diego, CA.

13                                           /s/ Richard Huver

**INDEX TO EXHIBITS ATTACHED TO**

**DECLARATION OF RICHARD A. HUVER**

| EXHIBIT NUMBER | DESCRIPTION | PAGE NUMBER |
| --- | --- | --- |
| 1 | Excerpts from Daniele Freaner deposition dated January 24, 2017 | 008 - 081 |
| 2 | Excerpts from Maureen Ringland deposition dated October 15, 2016 | 082 - 138 |
| 3 | Excerpts from John Romero deposition dated March 31, 2015 | 139 - 162 |
| 4 | Excerpts from Janice Margaret Nargi deposition dated March 29, 2016 | 163 - 171 |
| 5 | Agenda for the June Lake budget retreat | 172 - 174 |
| 9 | Defendants' Responses to Interrogatories, Set 1, dated October 13, 2016 | 175 - 185 |
| 10 | Plaintiffs' First Set of Requests for Admission dated December 29, 2016 | 186 - 190 |
| 11 | Huver February 17, 2017 letter to defense counsel | 191 |
| 12 | Retainer Agreement | 192 - 194 |
| 13 | E-mail dated March 20, 2017 from Randy Crispen | 195 |
| 14 | Plaintiffs' Experts' Rule 26 Report dated January 3, 2017 | 196 - 212 |
| 15 | Letter dated April 5, 2017 from Randall Crispen to plaintiffs' counsel | 213 - 214 |