Richard A. Huver, Esq. (Bar No. 132945)
THE HUVER LAW FIRM
655 West Broadway, Suite 1400
San Diego, California 92101
619.961.4883
619.961.4886 Fax
rhuver@huverlaw.com

Harris I. Steinberg, Esq. (Bar No. 89288)
5015 Estates Way
El Cajon, California 92020
(619) 787-2650
harrissteinberg@gmail.com

Attorneys for Plaintiffs Plum Healthcare Group, LLC,
    GI Plum Holdco, LLC; and Quince Holdings
    LLC dba Pueblo Springs Rehabilitation Center

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUM HEALTHCARE GROUP, LLC, etc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ONE BEACON PROFESSIONAL INSURANCE, etc., et al., <br><br> Defendants. | CASE NO. 15CV2747W MDD <br><br> PLAINTIFFS' OBJECTIONS TO AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF MATTHEW ELSTEIN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT <br><br> Date: April 24, 2017 <br><br> Judge Thomas J. Whelan <br><br> **[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE]** |

1    Pursuant to FRCP Rule 56(c)(2), Plaintiffs object to the Supplemental
2  Declaration of Matthew Elstein, and Exhibit A attached thereto, in support of
3  their motion for summary judgment or partial summary judgment on the
4  following grounds:
5  1.    Plaintiffs object to the entirety of Mr. Elstein's supplemental declaration
6        and Exhibit A, which was purportedly submitted to prove defendants
7        timely responded to plaintiffs' first set of requests for admission.  As a
8        preliminary matter, defendants are required to file a motion for relief from
9        default for failing to timely respond to plaintiffs' requests for admission.
10       Relief cannot be granted simply by filing Mr. Elstein's supplemental
11       declaration.  FRCP 36(b); ***999 v. C.I.T. Corp.*** (9th Cir. 1985) 776 F.2d 866,
12       869; ***Quasius v. Schwan Food Co.*** (8th Cir. 2010) 596 F.3d 947, 952.
13
14       Further, Mr. Elstein's declaration contradicts the proof of service which
15       was purportedly signed under penalty of perjury by Sharlen Campbell.
16       Mr. Elstein now claims he was the person who placed the envelopes
17       addressed to plaintiffs' counsel at two different addresses in the mail
18       room.  (1:14-18.)  The proof of service, signed under penalty of perjury by
19       Sharlen Campbell, claims she was the one "placing a true copy thereof in a
20       sealed envelope addressed as above, and ***placing it for collection and***
21       ***mailing following ordinary business practices***."  (See Exhibit A, pg. 9.)
22       (Emphasis added.)
23
24       Thus, the two declarations, both under penalty of perjury, contradict each
25       other.  Parties are judicially estopped from taking opposition positions.
26       ***Hamilton v. State Farm Mut. Ins. Co.*** (9th Cir. 2001) 270 F.3d 778,
27       782-85.  Therefore, both Mr. Elstein's declaration, and Exhibit A with the
28       proof of service signed by Sharlen Campbell, should be rejected.

Finally, defendants and Mr. Elstein both fail to address either the letter plaintiffs' counsel mailed on February 17, 2017, alerting defendants to their failure to timely respond to plaintiffs' requests for admission (Huver Dec., ¶13, and Exhibit 11, pg. 195), or the e-mail sent February 22, 2017, following a face-to-face conversation wherein Mr. Elstein blamed his secretary for failing to timely mail the responses.  (Huver Dec., ¶14). The February 22nd e-mail confirmed Mr. Elstein's statement that his "secretarial situation has been a 'revolving door' and that may have been the reason" plaintiffs did not receive either the designation of a rebuttal expert or the responses to requests for admission, each of which Mr. Elstein claimed were separately mailed one week apart.  Mr. Elstein never refuted the e-mail confirmation.

Defendants and Mr. Elstein now admit that, despite his representations to the contrary during that same February 22nd face-to-face meeting, Mr. Elstein never did serve the rebuttal expert designation.  Defendants have requested that Magistrate Judge Dembin grant them relief by reopening discovery so they can designate the rebuttal expert Mr. Elstein also claimed he "served" in February 2017.  Perhaps this is the basis for defendants' cryptic disclaimer about vouching for Mr. Elstein's credibility in their reply papers.  (Footnote 1, pg. 6.)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1   Regardless, defendants cannot selectively choose which statements of Mr.

2   Elstein they choose to "believe" and which they reject as false.  Likewise,

3   two people cannot represent under oath that they performed the same task.

4   One of them is not telling the truth.

5

6                                        Respectfully submitted,

7                                        THE HUVER LAW FIRM
                                         and
8                                        HARRIS I. STEINBERG, ESQ.

9

10  DATED: April 18, 2017                By:___/s/ Richard Huver_____
                                               RICHARD HUVER
11                                             Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28