# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUM HEALTHCARE GROUP, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ONE BEACON PROFESSIONAL INSURANCE, et al., <br><br> Defendants. | Case No.: 15cv2747-W-MDD <br><br> **ORDER DENYING DEFENDANTS' APPLICATION TO MODIFY THE CURRENT SCHEDULING ORDER** <br><br> **[ECF NO. 39]** |

Before this Court is Defendants' Ex Parte Application to Modify the Current Scheduling Order. (ECF No. 39). The Scheduling Order set August 29, 2016, as the deadline for motions to amend the pleadings, November 28, 2016, as the initial expert disclosure deadline, and February 6, 2017, as the deadline for completion of all discovery. (ECF No. 17). On November 29, 2016, the Court issued an Amended Scheduling Order at the parties' joint request. (ECF Nos. 23 (joint motion), 24 (Amended Scheduling Order)). The Amended Scheduling Order set January 9, 2017, as the deadline for initial expert disclosures and March 7, 2017, as the deadline for completion of all discovery. (ECF No. 24).

Defendants' motion, filed March 2, 2017, seeks to reopen discovery and motion practice for three months to relieve Defendants of their prior

1

attorneys' "gross negligence" in failing to timely designate an expert and conduct certain fact discovery. Though Defendants' initial filing also sought a three month extension of all pretrial dates, including the June 5, 2017, Final Pretrial Conference before District Judge Whelan, Defendants abandoned the request to move pretrial dates in their reply. Defendants' reply added a new request for permission to file a motion to amend their Answer.

Plaintiffs filed their opposition on March 17, 2017. (ECF No. 44). Defendants filed their reply on March 24, 2017. (ECF No. 46). As provided herein, Defendants' motion is **DENIED.**

## DISCUSSION

### A. Parties' Contentions

Defendants argue that good cause exists to push back the dates in the Amended Scheduling Order because their prior attorneys at Selman Breitman LLP (Selman) were "so grossly negligent in their failure to take the necessary steps in this litigation that Defendants were essentially abandoned and left without representation." (ECF No. 39-1 at 4:2-4). Defendants specify that Selman:

1) "led Defendants to believe that [Selman] would file a motion to dismiss Plaintiff's claims, but never did;"

2) did not inform Defendants that Plaintiffs filed a motion for summary adjudication;

3) missed the expert disclosure deadlines;

4) misled Defendants that the expert disclosure deadlines had been extended when they had not; and,

5) misled Defendants that the time to take percipient and expert witness depositions had been extended when it had not.

1  Defendants contend that they were diligent in filing this motion to modify the
2  Scheduling Order because they did not learn of any of the issues listed above
3  until February 28, 2017—one week before the discovery and pretrial motion
4  cutoff date. Defendants assert that they then promptly hired new attorneys
5  and filed this motion. Defendants assert, without any analysis, that Plaintiff
6  will not be prejudiced by a three month extension. Finally, in their reply,
7  Defendants seek leave to amend their Answer to specify additional policy
8  exclusions in a non-exhaustive list of policy exclusions that is part of an
9  existing affirmative defense, though they claim that this amendment is not
10 necessary to assert these exclusions as defenses.

11      Plaintiffs argue that Defendants fail to show good cause for modifying
12 the Scheduling Order because the discovery sought was not diligently
13 pursued. Plaintiffs further argue that Defendants should not be relieved of
14 Selman's lack of diligence because the claimed misconduct does not amount
15 to gross negligence. Plaintiffs contend that they will be severely prejudiced if
16 the Scheduling Order is modified, because any delay causes them to incur
17 further damages flowing from Defendants' refusal to defend them in the
18 underlying lawsuit, and they will be forced to expend additional time and
19 money to conduct discovery and revise their fully-briefed MSA. Plaintiffs also
20 argue that Defendants' tardy request to amend the Answer should be denied.

21      B. Legal Standard

22      District Courts have broad discretion to supervise the pre-trial phase of
23 litigation and to "manage the discovery process to facilitate prompt and
24 efficient resolution of the lawsuit." *Crawford–El v. Britton,* 523 U.S. 574, 599
25 (1988). Scheduling Orders are issued pursuant to Rule 16(b) of the Federal
26 Rules of Civil Procedure to limit the time to join parties, amend the
27 pleadings, complete discovery and file motions. FED. R. CIV. P. 16(b)(1)-(3).

Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the deadlines set forth in the order. *See Zivkovic v. So. Cal. Edison Co.,* 302 F.3d 1080, 1087–88 (9th Cir. 2002).

Mere substitution of counsel is insufficient cause to amend a scheduling order. Under Ninth Circuit precedent, "a client is ordinarily chargeable with his [prior] counsel's negligent acts." *Community Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002); *and see Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34 (1962). Courts must distinguish, however, between "a client's accountability for his counsel's neglectful or negligent acts—too often a normal part of representation—and his responsibility for the more unusual circumstances of his attorney's extreme negligence or egregious conduct." *Id.; and see Cardenas v. Wittemore,* Case No. 13cv1720-LAB-KSC, 2015 WL 4410643, at *1-2 (S.D. Cal. July 16, 2015) (declining to modify scheduling order where prior counsel's errors did not amount to gross negligence); *Steel v. Stoddard,* Case No. 11cv2073-H-RBB, 2013 WL 12064545, at *12 (S.D. Cal. Feb. 15, 2013) (same), *order amended on denial of reconsideration,* Case No. 11cv2073-H-RBB, 2013 WL 12064546 (S.D. Cal. Apr. 12, 2013). Parties may be able to satisfy the "good cause" requirement of Rule 16(b)(4) when they can show that prior counsel's actions amount to "gross negligence or abandonment." *See, e.g., Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha,* 218 F.R.D. 667, 674 (C.D. Cal. 2003).

C. Analysis

Defendants fail to show good cause to amend the Scheduling Order under Rule 16(b)(4). Although prior counsel was not diligent in filing a motion to dismiss, designating an expert, or in pursuing certain discovery, Defendants fail to show that Selman's performance was grossly negligent.

Defendants' assertion that they were unaware that Selman did not file a motion to dismiss until February 28, 2017, rings hollow. Selman filed an Answer in June 2016, and Selman's client representative, Daniele Freanor, personally attended the Early Settlement Conference in October 2016, at which point the case was well into the discovery phase. In any event, Selman's failure to file a motion to dismiss did not forfeit Defendants' right to conduct discovery or otherwise prejudice Defendants.

Regarding discovery, Defendants assert that Selman mistakenly believed that Defendants would not need the discovery and that Defendants had agreements with the opposing party about the substance or deadline for the discovery. Selman's mistaken beliefs do not excuse its lack of diligence. Had Selman been diligent, its attorneys would have memorialized the alleged agreements or preserved the clients' discovery rights by taking the depositions and filing the motion to compel. Selman was not diligent with respect to this discovery.

Although Selman was not always diligent, Selman's performance does not amount to gross negligence. The record reflects that Selman vigorously represented Defendants. Selman filed Defendants' Answer. Selman appeared before this Court for a telephonic Case Management Conference, an Early Settlement Conference and a Mandatory Settlement Conference, during which this Court observed that Selman zealously and effectively represented the interests of Defendants. Selman submitted a settlement

conference brief. Selman participated in the preparation and submission of the Joint Discovery Plan. Selman successfully sought extensions of time to file the Answer, of discovery deadlines, and of time to file an opposition to the Plaintiff's summary adjudication motion. Selman filed an opposition to Plaintiff's motion for summary adjudication. Selman served and responded to written discovery, took and defended depositions, and engaged in substantial meet and confer negotiations with opposing counsel.

Selman's failure to designate an expert and complete certain discovery does not erase Selman's substantial and continuous efforts on behalf of Defendants. The Ninth Circuit has found gross negligence where the attorney "virtually abandoned" the client such that they client "receiv[ed] practically no representation at all." *Tani*, 282 F.3d at 1168. In *Tani*, the attorney engaged in "inexcusable and inexplicable" conduct that included failure to follow court orders, failure to make court appearances, failure to file and serve pleadings, failure to oppose motions, and resulted in a default judgment. Unlike the attorney in *Tani*, Selman obeyed all court orders, made all court appearances, filed and served the Answer, and opposed all motions. Selman did not virtually abandon Defendants.

This finding is consistent with the results in similar cases, such as *Matrix Motor* and *Cardenas*. In *Matrix Motor*, District Judge Morrow denied a similar motion for failure to show prior counsel's gross negligence, even though the attorney in that case "propounded no discovery, did not designate experts, and failed to respond to [the opponent's] discovery requests in a timely fashion" because the attorney "made court appearances, filed necessary pleadings, and responded to some discovery." *Matrix Motor*, 218 F.R.D. at 672-675. In *Cardenas*, Magistrate Judge Crawford denied a similar motion because "the defendant's interests were adequately represented by his

prior counsel," who filed a timely counterclaim and "zealously and effectively" represented his client at settlement conferences. *Cardenas*, Case No. 13cv1720-LAB-KSC, 2015 WL 4410643, at *1-2.

Defendants' request to extend the time to file a motion to amend the Answer was tacked on to their reply and not properly raised in their moving papers. Regardless, the Court denies this request for failure to show good cause under Rule 16. The deadline for amending pleadings passed more than six months before Defendants brought this motion. The proposed amendment is based on facts that were known to Defendants at the start of litigation. Defendants elected to be represented by Selman, who made the decision to omit specific mention of the exclusions Defendants now seek to add. Though Defendants may now regret the decision, under the law of the Ninth Circuit, Defendants are bound by the performance of Selman. *See, e.g., Tani,* 282 F.3d at 1168. Finally, Defendants have not shown good cause to extend the time to file a motion to amend the Answer, because the amendment Defendants seek either is unnecessary (according to Defendants) or would necessitate additional discovery and delay this action, thereby prejudicing Plaintiffs (according to Plaintiffs).

## CONCLUSION

For the foregoing reasons, Defendants' motion to modify the Scheduling Order is **DENIED.**

**IT IS SO ORDERED.**

Dated: April 24, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge