UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUM HEALTHCARE GROUP, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ONE BEACON PROFESSIONAL INSURANCE, et al., <br><br> Defendants. | Case No.: 15cv2747-W-MDD <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO AMEND ADMISSIONS** <br><br> **[ECF NO. 51]** |

Before this Court is Defendants' Motion to Withdraw and Amend Deemed Admissions filed on April 28, 2017. (ECF No. 51). Plaintiffs filed their opposition on May 17, 2017. (ECF No. 56). Defendants filed their reply on May 25, 2017. (ECF No. 57). As provided herein, Defendants' motion is **GRANTED.** Defendants may withdraw their previously deemed admissions and respond to Plaintiff's Request for Admissions within fourteen (14) days of the entry of this Order.

## LEGAL STANDARD

Rule 36, Fed. R. Civ. P., governs requests for admissions. The Rule allows for a party to request that another party admit the truth of specific facts, application of law to fact, opinions about either, and the genuineness of certain documents. Rule 36(a)(1). A party receiving a request for admission

must answer within 30 days or the matter is deemed admitted. Rule 36(a)(3). Once the matter is admitted under the Rule, a court may allow the admission to be withdrawn or amended upon motion. Rule 36(b). The Rule provides that

> the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Rule 36(b).

## DISCUSSION

This unfortunate situation derives from the failure of Defendants' former attorney, Matthew Elstein, to adequately and competently represent his clients. Once Mr. Elstein's negligence and prevarications became known, Defendants obtained new counsel who described Mr. Elstein's conduct as "grossly negligent" in seeking relief from the Scheduling Order in this case. (*See* ECF No. 39-1 at 4:2-4[1]). Specifically, Defendants alleged that Mr. Elstein:

1) led Defendants to believe that [Elstein] would file a motion to dismiss Plaintiff's claims, but never did;

2) did not inform Defendants that Plaintiffs filed a motion for summary adjudication;

3) missed the expert disclosure deadlines;

4) misled Defendants that the expert disclosure deadlines had been extended when they had not; and,

5) misled Defendants that the time to take percipient and expert witness depositions had been extended when it had not.

---

[1] The Court will refer to ECF pagination throughout, rather than original pagination.

(*Id.*).  It also appears that Mr. Elstein failed to respond to Plaintiff's second set of interrogatories.  (ECF No. 57-2).  The issue in the instant motion concerns whether or not Mr. Elstein responded to Plaintiff's requests for admissions and, regardless, whether Defendants should be given leave to withdraw and amend deemed admissions.

Mr. Elstein declares that he placed the response to Plaintiff's request for admissions in the mail room at his former firm.  (ECF No. 48-2).  Defendants argue, based upon Mr. Elstein's Declaration, that the presumption of receipt applies and has not been overcome.  (ECF No. 51-1 at 4).  The Court finds that Mr. Elstein is not credible and will not base its ruling on Mr. Elstein's statements.

The issue, therefore, is simply whether allowing the withdrawal and amendment would "promote the presentation of the merits of the action" and the extent to which Plaintiff would be prejudiced.  *See* Rule 36(b), Fed. R. Civ. P.  The matters deemed admitted are quite damaging to Defendants; for example, Request for Admission No. 8 asks Defendants to admit that they should have provided a legal defense to Plaintiff in the lawsuit causing this dispute.  (ECF No. 48-2 at 9-10).  That is the ultimate issue in this lawsuit.  There seems little question, therefore, that allowing withdrawal and amendment would promote the presentation of the merits.  The question then is the extent of the prejudice to Plaintiff if the admissions are withdrawn and amended.

Plaintiff has relied on the deemed admissions in its response to Defendants' pending motion for summary judgment.  (*See* ECF No. 47 at 12-13).  Plaintiff also responded to the merits of the matters that it asserts are deemed admitted.  (ECF No. 47).  Although some prejudice flows to Plaintiff, the Court finds that it would be fundamentally unfair to Defendants to have

the deemed admissions stand under these circumstances.  Although it is correct, as this Court previously has stated in this case, that a client ordinarily is responsible for his counsel's neglectful or negligent acts, here the consequences to Defendants are severe enough to overcome any prejudice to Plaintiff.  (*See* ECF No. 50 at 4).

## CONCLUSION

Defendants' motion to withdraw and amend deemed admissions is **GRANTED.**  Defendants may withdraw their previously deemed admissions and respond to Plaintiff's Request for Admissions within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

Dated:   May 26, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge